**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT**
**OF VIRGINIA**
**(Newport News Division)**

TOWANDA R. FUTRELL
3211 Omohundro Ave
Norfolk, Virginia 23504

  Plaintiff

                                             Case No:

v.

WDTC, LLC
1527 West Street Highway
Grapevine, Texas 76051

Serve:

Daniel L. Cramer
4310 Main Street Lot 35
Cropwell, Alabama 35054

DANIEL L. CRAMER
4310 Martin Street Lot #35
Cropwell, Alabama 34054

TRITON LOGISTICS HOLDINGS,
LLC

Serve: c/o Andrew Voveris, R/A
        7319 S. Park Avenue
        Burr Ridge Illinois 60527

AV LEASING, LLC
525 Anderson Drive
Romeoville, Illinois 60446

Serve:
Mr. Andrew Voveris
525 Anderson Drive
Romeoville, Illinois 60446

TRITON
LOGISTICS, INC.
525 Anderson Drive
Romeoville, Illinois 60446

Serve:
Mr. Andrew Voveris
525 Anderson Drive
Romeoville, Illinois 60446

UNIVERSAL CAPACITY
SOLUTIONS HOLDINGS, INC.
Serve: c/o Timothy Monahan, R/A
      12755 E Nine Mile
       Warren, Michigan 48089

UNIVERSAL CAPACITY
SOLUTIONS, LLC.

Serve: c/o Timothy Monahan, R/A
      12755 E Nine Mile
       Warren, Michigan 48089

Serve: Registered Agent
Corporate Creations Network Inc. R/A
      205 Powell Pl
       Brentwood, Tennessee 37027

UNIVERSAL LOGISTICS, INC.
D/B/A UNIVERSAL LOGISTICS
SOLUTIONS, INC.

Serve: c/o CT Corporation System, R/A
      4701 Cox Road, Suite 285
       Glen Allen, Virginia, 23060

Serve: D/B/A/ Universal Corporate
Creations Network, Inc,
425 West Washington Street Ste #4
Suffolk, Virginia 23432-5320

MATTHEW MOROUN
Serve: Matthew T. Moroun
      12225 Stephens Road
       Warren, Michigan 48089

AV LOGISTICS MANAGEMENT,
INC.

SERVE: c/o Andrew Voveris, R/A
      7319 S. Park Ave
      Burr Ridge, Illinois 60527

AV REPAIR, LLC

Serve:  Andrew Voveris
      AV Repair, LLC
      525 Anderson Drive
      Romeoville, Illinois 60446

TRITON LOGISTICS UAB,

Serve: c/o Asta Senkuviene
      Kaunas, K. Donelacio g. 60
      LT-44248
      (Kaunas, Republic of Lithuania)

ANDREW VOVERIS, Individually

Serve: Andrew Voveris
      7319 S. Park Avenue
      Burr Ridge, Illinois 60527

EVA VOVERIS, a/ka IEVA VOVERIS
Individually

Serve: Eva Voveris
      7319 S. Park Avenue
      Burr Ridge, Illinois

 Defendants

---

## **COMPLAINT**

COMES NOW the Plaintiff, TOWANDA R. FUTRELL by and through her counsel,

Christopher M. FitzPatrick, and Morgan & Morgan, DC, PLLC brings this cause of action against

the Defendants, WDTC, LLC, DANIEL L. CRAMER, and AV LEASING, LLC, TRITON

LOGISTICS, INC., UNIVERSAL LOGISTICS INC.  d/b/a UNIVERSAL SOLUTIONS, INC., TRITON LOGISTICS HOLDINGS, LLC, MATTHEW T. MOROUN AV LEASING, LLC, DEFENDANT, AV LOGISTICS MANAGEMENT, INC., AV REPAIR, LLC, TRITON LOGISTICS UAB, ANDREW VOVERIS, EVA VOVERIS a/ka/ IEVA VOVERIS on the grounds and in the amounts set forth herein.

## **INTRODUCTION**

This case arises out a tragedy that took place on December 16, 2022, on I-64 Southbound in which tragically the Defendant Daniel L. Cramer was severely fatigued/fell as sleep behind the wheel of an 18-wheel truck killing three (3) individuals causing tremendous carnage to 23 innocent victims including the Plaintiff, Towanda Futrell. What even adds more to the tragic nature of this case is that Defendant Triton Logistics, Inc. and Triton Logistic Defendants and the Universal Logistics defendants intentionally falsified log records and falsified records of fictious drivers to make it look as though drivers were on the road less time than federal regulations permitted. Defendant, Andrew Voveris was the President of Triton Logistics, Inc at the time of this tragedy and remains today the President and CEO of Triton Logistics, Inc. The falsification of safety and driver records and extensive fraud which occurred during the tenure of Andrew Voveris' leadership jeopardized the safety of thousands of drivers on the roads in the United States and proved to be devastating and fatal in the early morning hours of December 16, 2022 at approximately 1:38 a.m. Plaintiffs' claims and causes of action contained in this complaint are made to hold all the defendants accountable for negligence that combined, contributed to cause and were substantial factors causing the Plaintiff's damages, as set forth below.

## PARTIES

1.        Plaintiff, TOWANDA R. FUTRELL, is a citizen of the United States and a resident of Norfolk, Virginia under no legal disability.

2.        Defendant, DANIEL L. CRAMER, under knowledge,  information, and belief, is a citizen of the United States and a resident of Cropwell, Alabama under no legal disability.

3.        WDTC, LLC is a Texas Limited Liability Company.

4.        AV LEASING, LLC is an Illinois Corporation in the business of freight trucking transportation and upon information leased the truck involved in this collision to Triton Logistics, Inc. who was the defendant, driver Daniel Cramer's employer.

5.        Defendant, TRITON LOGISTICS, INC. is an Illinois company in the business of transporting goods across state lines throughout the United States and authorized to transact business in the Commonwealth of Virginia.

## UNIVERSAL LOGISTICS, INC. DEFENDANTS

6.        The following Defendants may be referred to as the "the UNIVERSAL LOGOSTICS" Defendants collectively. (Universal Capacity Solutions, Inc d/b/a Universal Corporate Creations Network, Inc.), Universal Logistics Holdings, Inc., Universal Logistics, Inc. d/b/a Universal Logistics Solutions, Inc.).

7.        Whenever that term is used, it is intended to refer to all named Defendants in this subsection and includes all agents and employees for whom these Defendants may be held liable under agency, master-servant, respondeat superior, joint venture, joint enterprise, or other similar theories by which these named Defendants have the right to control and/or exercise control over the progress and details of the work to be performed by others and under joint/venture enterprise or similar theories.

## THE TRITON LOGISTICS DEFENDANTS

8.         The following Defendants may be referred to as "The TRITON LOGISTICS Defendants" collectively that being the following entities: (Universal Capacity Triton Logistics Holdings, LLC, AV Logistics Management, Inc., AV Repair, LLC, Triton Logistics UAB, AV Leasing, LLC), Triton Logistics, Inc. and Defendants Andrew Voveris and Eva Voveris will be referenced separately in this Complaint. Whenever that term is used, it is intended to refer to all named Triton Defendants in this subsection and includes all agents and employees for whom these Defendants may be held liable under agency, master-servant, respondeat superior, joint venture, joint enterprise, or other similar theories by which these named Defendants have the right to control and/or exercise control over the progress and details of the work to be performed by others and under joint/venture enterprise or similar theories.

9.         Upon information and belief Defendant Universal Capacity Solutions, LLC. is a Tennessee Corporation.

10         Upon information and belief, Defendant Universal Logistics Holdings, Inc. is a Michigan Corporation.

11.        Defendant, MATTHEW T. MOROUN is the majority shareholder, directly or indirectly, and Chair of the Board of Directors of Universal Logistics Holdings, Inc and a resident of the state of Michigan.

12.        Upon information, Defendant Triton Logistics Holdings, LLC is an Illinois limited liability company authorized to transact business in Illinois and the Commonwealth of Virginia.

13.        Upon information and belief, Defendant AV Logistics Management, Inc. is an Illinois Corporation authorized to transact business in Illinois and the Commonwealth of Virginia.

14.        Upon information and belief, Defendant AV Repair, LLC is a limited liability

company authorized to transact business in Illinois and the Commonwealth of Virginia.

15.        Upon information and belief, Defendant Triton Logistics UAB is a company registered and doing business in the Republic of Lithuania and a subsidiary of Triton Logistics Holdings, LLC and pursuant to the Hague Convention, this court has jurisdiction over this legal entity.

16.        Upon information and belief, Defendant ANDREW VOVERIS is a resident of Burr Ridge, Illinois.

17.        Upon information and belief, Defendant EVA VOVERIS a/k/a IEVA VOVERIS is a resident of Burr Ridge, Illinois.

## JURISDICTION AND VENUE

18.        Jurisdiction is vested in this Court and venue is also proper in this Court as the tortious injury occurred in York County, Virginia within the jurisdiction of the Eastern District of Virginia.

19.        This court also has jurisdiction of the Defendants, pursuant to Virginia's Long Arm statute Virginia Code §8.01-328.1 (1) & (3).

## FACTS

20.        On December 16, 2022, tragically a collision occurred on Interstate 64 East in York County Virginia near Williamsburg when an eighteen (18) wheel freight truck operated by the Defendant DANIEL L. CRAMER slammed into the back of a party bus ejecting all twenty-two (22) people from the party bus. Three (3) passengers were immediately killed by the impact and 19 others suffered serious life-threatening bodily injuries including the Plaintiff, TOWANDA R. FUTRELL. The bus carried twenty-three (23) passengers, including the Plaintiff, Towanda Futrell. The eighteen (18) wheeler crashed into the rear of the bus destroying the body of the passenger compartment and ripping the entire top shell from the bus ejecting several of the bus passengers on

to the highway concrete and muddy field adjacent to the highway.

21.      During the investigation of this case, it has been concluded by federal authorities that the DEFENDANT who was employed by Defendant, TRITON LOGISTICS, INC. falsified log records and was operating his truck owned by AV LEASING, LLC a one man shell corporation owned by Andrew Voveris that was "leased" to Defendant TRITON LOGISTICS, INC. Defendant TRITON LOGISTICS, INC. intentionally and deceitfully permitted the defendant, Daniel Cramer to operate this truck intentionally exceeding maximum number of hours as Defendants TRITON LOGISTICS, INC.

22.      This sinister and dangerous scheme went on for an extensive period of time and was designed to provide fictitious and false drivers who appeared to be either driving along with the original driver or made to believe that the fictitious driver was taken over at a certain point.

20.      This fraudulent scheme was pervasive and known throughout TRITON LOGISTICS, INC.  including Triton Logistics, Inc's drivers, safety engineers and the company's President and CEO, Andrew Voveris. Mr. Voveris in an attempt to cover up the truth of conveniently could not even remember the full names at a deposition in another related action held on September 5, 2024, of the safety engineers who orchestrated this scheme under his direction and leadership who were employed with Triton Logistics, Inc. back in 2022 or in addition the names of safety engineers previously employed with the company in 2024. The reason behind this was clear to continue to thwart any investigation and to cover up the extensive fraud that was committed by Triton Logistics, Inc, Triton Logistics Defendants as well as Andrew Voveris.

21.      At the time of this incident, the Plaintiff, TOWANDA R. FUTRELL  was a passenger in a party bus traveling Eastbound on Interstate 64 when suddenly at a high rate of speed

a commercial truck owned by Defendant AV LEASING, LLC and operated by Defendant, DANIEL L. CRAMER while working in  the scope of his employment for his employer, TRITON LOGISTICS, INC  and suddenly and without warning  rear ended the party bus that the Plaintiff was a passenger in, at the time of this collision.

22.     The tremendous force of the impact forced the Party Bus to cross the center median that ripped off the top shell of the party bus causing all twenty-two (22) passengers to be ejected from the bus.

23.       Subsequently, because of the high intensity force of the impact the freight truck crossed the median and then struck the guard rail to the West Bound side of Interstate 64.

24.       Defendant, DANIEL L. CRAMER was an employee and working within the scope of his employment of TRITON LOGISTICS, INC, WDTC, LLC and the TRITON DEFENDANTS and operating a vehicle upon information and leased by Defendant, AV LEASING, LLC to TRITON LOGISTICS, INC. at the time of this incident.

25.       Under the doctrine of *respondeat superior*, TRITON LOGISTICS, INC. and WDTC, LLC, TRITON DEFENDANTS are liable, and responsible for the acts and/or omissions of negligence of Defendant, DANIEL L. CRAMER as well WDTC, LLC, a one-person company that Mr. Cramer formed himself. Through the doctrine of respondeat superior and ostensible agency, THE TRITON DEFENDANTS, UNIVERSAL LOGISTICS DEFENDANTS, MATTHEW MOROUN and ANDREW VOVERIS are also liable and responsible for the acts and/or omissions of the negligence committed by the defendant truck driver, Daniel L. Cramer and WDTC, LLC.

26.       The Universal Logistics Defendants assumed an obligation to transport or arrange to transport the cargo (beer) on behalf of a customer shipper.

27.       At the material times before the crash, Triton Logistics, Inc. was a for-hire motor

carrier and was required to comply with the Federal Motor Carrier Safety Regulations ("FMCSRs").

28.        The FMCSR's mandate of motor carrier's minimum standards that include, for example, standards intended to reduce or eliminate roadway fatalities and injuries by limiting the number of hours or professional drivers that may operate commercial motor vehicles, be on duty while not driving and mandatory rest times.

29.        Additionally, The FMCSR's set forth criteria to prevent unsafe driving.

30.        In 2010, the FMCSA introduced the Compliance, Safety, Accountability (CSA) system as an initiative to improve large truck and bus safety and to reduce crashes, injuries, and fatalities that are related to Commercial Motor Vehicles (CMV's).

31.        Additionally, FMCSA also created and implemented an operational model called the Safety Management System ("SMS").

32.         SMS uses a motor carrier's data from roadside inspections (including safety-based violations), state reported crashes, and the Federal Motor Carrier Census to quantify performance in certain [ BASIC] categories including, Unsafe Driving, Hours of Service Compliance, Driver Fitness, and Controlled Substances and Alcohol, Vehicle Maintenance, Hazardous Materials Compliance, and Crash Indicator.

33.        A carrier's SMS profile is publicly available on the internet.

34.        On a carrier's SMS profile, an alert symbol is displayed in any designated BASIC where the carrier has exceeded an "intervention threshold" which is also referred to as having an "alert" in a BASIC and is an alert the carrier is potentially unfit or unsafe.

35.        Since becoming a motor carrier, Triton Logistics, Inc. had never undergone a comprehensive on-site compliance review with the Federal Motor Carrier Safety Administration

and had only undergone a new entrant safety audit.

36.        At the time Triton Logistics, Inc. underwent a new entrant safety audit, it listed one driver and one vehicle in its fleet and had different owners when the crash that forms the basis of the lawsuit.

37.        At or before the time of the crash, Triton Logistics, Inc. had an "alert" for unsafe driving and had a safety rating of "Not Rated" which was later reduced to "conditional" post-crash which was issued due to numerous issues have been found including:

(a) Fraudulent or intentional of a supporting document. 49 C.FR §390.5. Carrier submitted a false payroll document for a fictitious co-driver.

(b) Making or permitting a driver to make a false report regarding records of duty status 49 C.F.R. §395.8 (e) (1);

(c) Failing to conduct pre-employment query. 49 C.F.R. §382.701(a);

(d) Operating a commercial motor vehicle in violation of local/state laws- unsafe driving. 49 C.F.R. §292.16;

(e) Driver not properly using safety belt. 49 C.F.R §392.16;

(f) Commercial Motor Vehicle equipped with a radar detector. 49 C.F.R. §392.71 (b);

(g) Driver using handheld mobile telephone while operating a CMV. 49 C.F.R §395.3 (a) (2);

(h) Requiring or permitting a property-carrying commercial motor vehicle to drive more than 11 hours. 49 C.F.R. §395.8 (a) (3) (i);

(i) Failing to require a driver to prepare a record of duty status using the appropriate method. 49 C.F.R. §395.8 (a) (3);

(j) Motor carrier failed to manage ELD accounts as per 395.223 (b) (2). 49 C.F.R. §395.22 (b) (2);

(k) Failing to keep a maintenance record which identifies the vehicle, including make, serial number, year and tire size. 49 C.F.R §296.2(b)(1); and

(l) Failing to have a means of indicating the nature and due date of the various inspection and maintenance operations to be performed. 49 C.F.R. §396.3 (b) (2).

38.     At or before the time of the crash, The Triton Logistics Defendants as well as Andrew Voveris had a practice to engage in a vast fraudulent conduct whereby its' employees and agents knowingly falsified electronic logging devices from their offices in Lithuania to fraudulently maximize and increase profits at the expense of safety by keeping Triton Logistics, Inc and the other Triton Logistics Defendants. The fraud was so pervasive that all employees, agents, safety engineers truck drivers, Andrew Voveris, Matthew Moroun and Mr. Voveris wife, Eva Voveris a/k/a Ieva Voveris aided and abetted, knew about and ratified the scheme and profited immensely from ill-gotten gains derived from the fraud that was committed.

39.     Specifically, Defendants Andrew Voveris, Matthew Moroun and Mr. Voveris' wife, Eva Voveris a/k/a Leva Voveris immensely profited from the fraudulent scheme. For example, Mr. Voveris and his wife Eva Voveris bought extensive real estate and houses together, Lamborghinis, Bentley cars, other exotic personal property together and took lavish vacations together based on the immense profits of the scheme being generated by approximately 207 trucks and drivers in 2022 with fictious "dummy" replacement drivers reflected in their respective log records.

40.     The purpose of this fraudulent scheme was to seemingly allow Triton Logistics, Inc.'s truck drivers to drive well-beyond the maximum allowed hours of service and thus to be

able to earn tremendously more money than otherwise would be legally permissible under the circumstances for both those drivers and the Triton Logistics Defendants.

41.     By aiding, abetting, and encouraging professional truck drivers to operate heavy commercial motor vehicles while exceeding the maximum allowed driving hours and/ or while fatigued, the Triton Logistics Defendants, Andrew Voveris, Matthew Moroun, Eva Voveris a/ka Ieva Voveris recklessly and intentionally endangered the safety of the motoring public, including the Plaintiff, Towanda Futrell.

42.     The Universal Logistics Defendants, Triton Defendants, Matthew Moroun and Defendant Andrew Voveris used this fraudulent scheme to recruit and retain truck drivers.

43. Defendant, Andrew Voveris formally known Andrius Voveris , as the " founder", President and CEO of Triton Logistics, Inc. and The Triton Logistics Defendants, devised, ratified and approved this fraudulent scheme and lavish lifestyle that he and Defendant, Eva Voveris enjoyed through improper corporate earnings as a means to fund his and his wife, Eva Voveris personal enrichment and used ill-gotten fortunes to purchase luxurious real estate, luxury cars and personal property and travel with his wife to exotic destinations around the world. Upon information, since the fraud was discovered by federal investigators, Defendants, Andrew Voveris and Eva Voveris have purposefully and fraudulently shifted financial assets out of Triton Logistics, Inc. and transferred them to other accounts and transferred those assets overseas to Lithuania in order to frustrate any future judgment.

44.     The Universal Logistics Defendants and Triton Defendants knew or in the exercise of reasonable care should have known, that Triton Logistics, Inc. was unfit to haul heavy cargo which unreasonably increased the risk of harm to the public on the road.

45.     Despite these risks, Defendant Universal Logistics Defendants, Defendant Matthew

Moroun selected and hired The Triton Logistics Defendants and Triton Logistics, Inc. to haul cargo on its behalf while retaining the right to control and/or exercise control over the method, means and manner of the transportation of cargo at issue.

46.      These fraudulent practices included providing fake names and identities of so called "co-drivers" to make it appear to outsiders that truck drivers had not exceeded mandatory driving and on-duty times by claiming the nonexistent "co-driver" had completed many of the miles and driving hours contained in the electronic logging devices.

47.      The Triton Logistics Defendants falsely classified their drivers as "independent contractors" despite having extensive dominion and control over them.

48.      At the time of the crash on December 16, 2022, on or around 1:38 a.m., Defendant, Daniel L. Cramer was operating a commercial motor vehicle in excess of the allowed number of hours for on duty and driving times and was otherwise fatigued and had accumulated a significant sleep debt. Therefore, his continued operation of the commercial motor vehicle that Cramer was driving posed a significant risk to members of the motoring public including the Plaintiff.

49.      Triton Logistics Defendants, Triton Logistics, Inc. Matthew Moroun, Andrew Voveris and Eva Voveris aided and abetted knew or should have known in the exercise of reasonable care that defendant, Daniel L. Cramer due to his fatigue and accumulated sleep debt posed a significant risk to the safety of the motoring public.

50.      Despite this risk, The Universal Logistics Defendants, the Triton Logistics Defendants, Triton Logistics, Inc. Matthew Moroun, Andrew Voveris and Eva Voveris aided and abetted Cramer's continued operation of his commercial motor while extensively sleep deprived and fatigued such that the continued operation posed a threat to the motoring public.

51.      After the crash, The Triton Logistics Defendants and Andrew Voveris created a

non - existent co- driver such to make it appear that defendant, Daniel L. Cramer had not exceeded the maximum driving hours and proceeded to falsify the driver logs. The cover up and egregious conduct committed by Triton Logistics, Inc., the Triton Defendants, and Defendant, Andrew Voveris did not stop there. Triton Logistics, Inc and Andrew Voveris terminated the driver, Defendant Daniel L. Cramer and then the safety engineers and other employees pervasively involved with the scheme. Their respective employment was terminated to impede and frustrate the federal investigation. Defendant, Andrew Voveris and Triton Logistics, Inc. despite federal investigators heavily investigating the scheme, continued to egregiously use fake drivers up to on or about December 2023 a year after the tragic December 16, 2022, Party Bus Incident.

52.        This conduct and acts and omissions referenced above caused serious injury to the Plaintiff, Towanda Futrell.

### <u>FIRST CAUSE OF ACTION– NEGLIGENCE</u>

**As Against the following Defendants**
**(UNIVERSAL LOGISTICS DEFENDANTS, TRITON DEFENDANTS, MATTHEW**
**MOURIN TRITON LOGISTICS, INC. and ANDREW VOVERIS- Negligent hiring and**
**Supervision)**

53.        All facts and allegations contained in paragraphs 1-52 are repeated and reiterated herein and  incorporated in this cause of action by reference.

54.        The Universal Logistics Defendants and Triton Logistics Defendants, Triton Logistics, Inc. Matthew Mourin and Andrew Voveris assumed the responsibility to transport or to arrange to transport the cargo (beer) in question on behalf of their customer shipper.

55.        The Universal Defendants Triton Logistics Defendants had a duty to operate and arrange transportation on public highways in a safe and reasonable manner; to hire, train, supervise and retain carriers and drivers that are competent and safe with respect to operating commercial motor vehicles on public  highways; to comply with the standards of care established by the Federal

Motor Carrier Safety regulations and state traffic laws; and otherwise to act in a reasonably safe and careful manner.

56.     The Universal Logistics Defendants, Trtiton Logistics, Inc. Matthew Moroun, Andrew Voveris breached these duties by failing to exercise reasonable care in arranging transportation of the cargo (beer) and hiring and selecting, training supervising and/ or retaining Triton Logistics, Inc.'s employee and defendant Daniel L. Cramer to operate the tractor-trailer and the transport load safely.

57.     The Universal Logistics Defendants Triton Logistics Defendants, Triton Logistics, Inc. and Matthew Moroun and defendant, Andrew Voveris failed to exercise reasonable care to employ a competent contractor and perform the work that involved a risk of physical harm to ensure the work was skillfully and carefully done, or to perform any duty which the employer owed to third persons.

58.     The Universal Logistics Defendants, Triton Logistics Defendants and Triton Logistics Inc. entrusted the transport of cargo (beer) to others but retained control of parts of the work and are thus, subject to liability for physical harm to others for failure to use reasonable care.

59.     The Triton Logistics Defendants and Triton Logistics Inc. carried on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, are thus subject to liability for physical harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity.

59.     The Triton Logistics Defendants, Triton Logistics Inc., Matthew Moroun, Andrew Voveris failed to use reasonable care and are therefore negligent in their selection, hiring, retention and supervision of the Triton Logistics Defendants and Defendant Daniel L. Cramer.

60.     These negligent acts and omissions were a proximate cause and substantial factors in

and contributed to cause Plaintiff's injuries and damages and were a direct, legal and proximate cause of Plaintiff Towanda Futrell's damages.

## SECOND CAUSE OF ACTION

### Vicarious Liability of Matthew T. Moroun

61.        All facts and allegations contained in paragraphs 1-60 are repeated and reiterated herein and incorporated in this cause of action by reference

62.         Defendant, Mathew Moroun, as controlling officer and shareholder, is responsible for Universal Logistics Holdings, Inc. and the right to control the manner of the work performed, the right to discharge, and the level of skill involved, and to supervise with respect to the Logistics Defendants including Universal Logistics Holdings, Inc., Triton Logistics, Inc.  and its transportation of this load.

63.        Defendant Matthew Moroun breached his duty of care with respect to his duties above.

64.        The negligent acts or omissions were substantial factors in and contributed to proximately cause Plaintiff's injuries and damages and were a direct, legal and proximate cause of Plaintiff Towanda Futrell's injuries.

65.        Defendant Matthew Moroun is liable under the doctrine of respondeat superior and vicariously liable for the acts and omissions committed by Universal Logistics Defendants, Triton Logistics Defendants and Triton Logistics, Inc.

### THIRD CAUSE OF ACTION

**Liability of Universal Logistics Defendants, Triton Defendants, Triton Logistics, LLC
Andrew Voveris and Matthew T. Moroun for Aiding and Abetting.**

65.        All facts and allegations contained in paragraphs 1-64 are repeated and reiterated

herein and incorporated in this cause of action by reference.

66.        Universal logistics Defendants, The Triton Logistics, Inc. Defendants, Matthew T.

Moroun, Andrew Voveris and Eva Voveris aided in the Triton Logistics Defendants and Triton

Logistics' Inc.'s violation of federal statutes and regulations.

67.        These acts included aiding and abetting, negligent acts and omissions were

substantia1 factors in and contributed to cause the Plaintiff's injuries and damages and were a

direct, legal and proximate cause of Plaintiff's damages.

### FOURTH CAUSE OF ACTION

**Liability of The Universal Logistics Defendants for Joint Venture/Enterprise**

68.        All facts and allegations contained in paragraphs 1-67 are hereby repeated and

reiterated herein and are incorporated in this cause of action by reference

69.        Defendant, Matthew Moroun, as the controlling officer and shareholder of the

Universal Logistics, entered into contractual relationships that manifested a joint intent between

and with those entities to conduct business together with joint property interests, point control

over the ventures and to jointly earn financial rewards including shared profits and losses, from

those business ventures together to transport the cargo (beer).

70.        Matthew Moroun is therefore jointly liable to the Plaintiff who suffered economic

and non-economic losses for which they are entitled to restitution to the extent allowed by law.

71.        These negligent acts and omissions were substantial factors in and contributed to

cause the Plaintiff's injuries and damages and were a direct, legal and proximate cause of

Plaintiff's damages.

## FIFTH CAUSE OF ACTION

72.        All facts and allegations contained in paragraphs 1-71 are hereby repeated and reiterated herein and are incorporated in this cause of action by reference.

73.        On December 16, 2022 at the aforesaid time and place of the crash, Defendant Daniel L. Cramer was an employee agent, servant, independent contractor for Triton Logistics, Inc. and the Triton Defendants and was Operating a tractor-trailer and Defendant Daniel L. Cramer breached a duty of care owed to the Plaintiff and other motorists when the Defendant operated said vehicle in a negligent, grossly negligent, willful and wanton, and or reckless fashion, demonstrated a conscious disregard for the  rights of others, demonstrated an indifference to others, disregarded prudence to the level that safety of others was completely neglected, and/or failed to exercise ordinary care for the safety of others and was completely neglected , and/or failed to exercise ordinary care for the safety of others, and caused a severe collision with a Party Bus operated by Antonio Wiggins.

74.        At all relevant times, Defendant, Daniel L. Cramer was the employee, agent, servant, or independent contractor for Defendants WDTC LLC, Triton Logistics, Inc. and all Triton Logistics Defendants. Accordingly, Defendants Triton Logistics, Inc. and all Triton Logistics Defendants are vicariously Liable for the acts of Defendant Daniel L. Cramer.

75. Defendant Daniel L. Cramer breached her duties of care by:

   a.   failing to keep a safe distance between his vehicle and the Plaintiff's vehicle;

   b.   failing to pay full time and attention and striking the Plaintiff's vehicle;

   c.   failing to yield right of way when entering a highway;

   d.   failing to maintain control of his vehicle;

   e.   failing to use reasonable care when operating a motor vehicle;

   f.   failing to obey traffic laws;

   g.   failing to safely operate his vehicle under control and at a reasonable rate of speed;

   h.   acted in a reckless and willful wanton and grossly negligent manor with respect to the operation of his vehicle in the operation of his vehicle and engaging in reckless as well as improper and or illegal conduct in intentionally and or recklessly falsifying the number of hours he had continuously operated the freight truck that he was operating at the time of this incident.

   i.   failing to keep a proper lookout;

   j.   failing to take steps to avoid causing a collision;

   k.   failing to generally operate his vehicle in a safe, reasonable, and prudent manner;

   l.   failing to adhere to federal regulations in operating a commercial vehicle.

   m.  was otherwise negligent.

## SIXTH CAUSE OF ACTION

**Gross Negligence, Willful Wanton and Reckless Indifference Against All Defendants**

76.        All facts, allegations and causes of action contained in paragraphs 1-75 are incorporated in this cause of action by reference.

77.        All Defendants actions in falsifying and aiding and abetting in the falsification of log records demonstrate a conscious disregard for the rights and safety of Plaintiff, and the rest of the motoring public, acting with gross negligence reckless indifference to the consequences to others despite being aware of this conduct authorizing and ratifying the

egregious conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiff demands punitive damages against all Defendants, Universal Logistics Defendants Triton Logistics Defendants Triton Logistics, Inc. The Triton Defendants, Matthew Mourin, Andrew Voveris and Eva Voveris.

78.      Defendant, DANIEL L. CRAMER, with knowledge and assistance of defendants the Triton Defendants, Triton Logistics, LLC, Matthew Moroun, Andrew Voveris, Eva Voveris changed, concealed and falsified or had knowledge of the falsification of driving logs in order to operate over the requisite maximum hours under federal and state laws for commercial vehicles long haul over the road operations, while acting within the course and scope of his employment and/or agency relationship.

79.      All named Defendants knew or should have known, permitted, aided, abetted, conspired, deceived and planned a course of action with one another and others to falsify driver logs to hide excess driving hours, fatigue and unhealthy and unsafe operations of the vehicle and other company vehicles to make a tremendous amount of more money at the expense of the public's safety and health and rights of the Plaintiff, Towanda Futrell.

80.      Defendant, Daniel L. Cramer breached a duty of care owed to the Plaintiff and other motorists when the Defendant Daniel L. Cramer operated his commercial 18- wheel truck in a negligent, grossly negligent, willful wanton, and/or reckless fashion, demonstrated a conscious disregard for the rights of others, demonstrated an indifference to others, disregarded prudence to the level that the safety of others was completely neglected, and/or failed to exercise ordinary care for the safety of others. Similarly, The Universal Defendants, Triton Logistic Defendants Triton Logistics, Inc. Triton Logistics Matthew Moroun, Andrew Voveris breached a duty of care owed to the Plaintiff and acted with gross negligence and a willful wanton, and or

reckless fashion, demonstrated a conscious disregard for the rights of others including the Plaintiff Towanda Futrell.

## SEVENTH CAUSE OF ACTION

### Vicarious Liability of the Triton Logistics Defendants and Triton Logistics, Inc.

81.         All allegations and causes of action, pled above and below, are incorporated into this cause of action by reference.

82.         Triton Logistics Defendants, Triton Logistics, Inc. had a duty to act reasonably in hiring, instructing, training, supervising and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant Cramer and to promulgate and enforce policies, procedures, and rules to ensure that their drivers and vehicles were reasonably safe, the  Triton Defendants, Triton Logistics, Inc., had a duty to exercise reasonable care in all of  their actions and omissions.

83.         Triton Logistics Defendants and Triton Logistics, Inc., had a duty to exercise reasonable care in entrusting their vehicles and equipment to responsible, competent and qualified drivers.

84.         The Logistics Defendants and Triton Logistics, Inc., had a duty to exercise reasonable care in establishing and enforcing rules and safeguards against the use of cellular phones while driving and to create and ensure safe driving practices.

85.  The Triton Logistics Defendants and Triton Logistics, Inc., failed with respect to their aforementioned duties and were therefore negligent.

## EIGHTH CAUSE OF ACTION
### Vicarious Liability of The Triton Logistics Defendants

86.     All allegations and causes of action in this Complaint in paragraphs 1-85 are pled above and are incorporated in this cause of action by reference.

87.     The negligent and reckless actions and omissions of The Triton Logistics Defendants and Defendant, Daniel L. Cramer set forth above were committed within the course and scope of their respective employment or agency relations.

88.     On information and belief, the Triton Logistics Defendants had the right to control and exercised control over the progress and details of the transport cargo, among other things, with respect to the Triton Logistics Defendants and Daniel L. Cramer and the transportation of this cargo (beer).

89.     As principal of the Triton Logistics Defendants and Defendant Daniel L. Cramer, the Universal Logistics Defendants are vicariously liable for the acts of these agents,

90.     The Triton Logistics Defendants are also vicariously liable for the collision acting as a motor Carrier and statutory employer of the cargo under the Federal Motor Carrier Safety Regulations.

91.     These negligent acts and omissions were substantial factors in and contributed to cause Plaintiff's injuries and damages and were a direct, legal and proximate cause of the Plaintiff's Injuries and damages.

## NINTH CAUSE OF ACTION
### Vicarious Liability of Andrew Voveris

92.      All facts, allegations and causes of action in paragraphs 1-91 in Plaintiff's Complaint is incorporated into this cause of action by reference.

93.      Defendant, Andrew Voveris as controlling officer and shareholder, is responsible

for The Triton Logistics Defendants and had the right and ability to control the manner of work performed, right to discharge, the level of the skill involved, with respect to The Triton Logistics Defendants and their transportation of this load.

94.        Defendant Andrew Voveris failed in his duties above.

95.        These negligent acts and omissions were substantial factors in and contributed to cause the Plaintiff's injuries and damages and were a direct, legal and proximate cause of the Plaintiff's injuries and damages.

96.        These negligent acts and omissions were substantial factors in and contributed to cause the Plaintiff's injuries and damages and were a direct, legal and proximate cause of Plaintiff's injuries and damages.

## TENTH CAUSE OF ACTION
**Liability of The Universal Logistics Defendants, Triton Logistics Defendants, Triton Logistics, Inc. Matthew Moroun, Andrew Voveris, Eva Voveris for Aiding and Abetting**

97.        All background facts, allegations and causes of action in this Complaint in paragraphs 1-96, pled are incorporated into this cause of action be reference.

98.        The Universal Logistics Defendants, Triton Logistics Defendants, Triton Logistics, Inc., Matthew Moroun, Andrew Voveris and Eva Voveris aided in The Triton Logistics Defendants' violation of federal statutes and regulations.

99.        These acts in aiding and abetting, negligent acts and omissions were substantial factors in and contributed to cause the Plaintiff's injuries and damages and were a direct, legal, and proximate cause of the Plaintiff's injuries and damages.

## DAMAGES AND ADDENDUM

100.       As a direct and proximate result of the above-described breaches of duties, Plaintiff was caused to suffer serious injury to her person, to include injury, pain and suffering, emotional distress, loss of enjoyment of life, loss of opportunity, permanent physical impairment,

disfigurement, lost wages, past and future, medical expenses, past and future, and other damages, with no negligence or lack of due care on his part contributing hereto

101.    The aforementioned damages are permanent and continuing in nature.

**WHEREFORE,** Plaintiff respectfully requests

(a) That This Honorable Court grant judgment in favor of Plaintiff TOWANDA FUTRELL for a personal injury action of and against all Defendants listed above in the amount of $5,000,000.00 in compensatory damages and $350,000 in punitive damages jointly and severally for compensatory damages, punitive damages and for such other amounts permitted by law as well as interest from December 16 , 2022 attorneys' fees and costs, and such other amounts as permitted by law and for such further relief as this Court deems just and proper.

(b) This court issue an immediate injunction preventing all Triton Defendants, Universal Logistics Defendants, Triton Logistics, Inc. Andrew Voveris, Matthew Moroun and Eva Voveris from dissipating and transferring private individual assets and corporate assets to other companies domestically and overseas to Lithuania or any other countries overseas.

## <u>PRAYER FOR A JURY TRIAL</u>

Plaintiff, by and through the undersigned counsel, hereby requests a jury trial on all triable issues in the above-captioned matter.

Respectfully submitted,

_/s/Christopher M. FitzPatrick_____
Christopher M. FitzPatrick, Esq.
VA Bar # 90394
MORGAN & MORGAN, DC PLLC
1901 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Tel: (202) 772-0566
Fax: (202) 772-0634
E-Mail: cfitzpatrick@forthepeople.com